FILED

NOT FOR PUBLICATION

NOV 10 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



ALLEN RUDE,

   Plaintiff - Appellant,

v.

INTEL CORPORATION LONG TERM
DISABILITY BENEFIT PLAN; et al.,

   Defendants - Appellees.

No. 13-15834

D.C. No. 2:11-cv-01966-FJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted October 19, 2015
San Francisco, California

Before: SILVERMAN and CHRISTEN, Circuit Judges, and DUFFY,[**] District
Judge.

   Allen Rude appeals the district court's summary judgment in his action

under the Employee Retirement Income Security Act ("ERISA"), challenging the

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The Honorable Kevin Thomas Duffy, District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

denial of his claim for long-term disability benefits under the Intel Corp. Long Term Disability Plan. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the district court's judgment.

We review de novo the district court's choice and application of the standard of review in an ERISA case. *Pac. Shores Hosp. v. United Behavioral Health*, 764 F.3d 1030, 1039 (9th Cir. 2014). When an ERISA plan unambiguously confers discretion to an administrator to determine eligibility for benefits, we review a denial of benefits for an abuse of discretion. *Id.* at 1040. Any procedural irregularity or administrator's operation under a conflict of interest are considered as factors in determining whether there has been an abuse of discretion. *Id.*

Aetna abused its discretion in denying Rude's benefits because it applied inconsistent yardsticks when measuring what Rude's job was and what he was capable of performing. On the one hand, Dr. D. Kelly Agnew, Aetna's reviewing orthopedic surgery specialist, determined that Rude was capable of sedentary work because he could, among other things, stand for three or four hours, and walk three to four hours in total with position changes. However, Aetna also found that Rude's job most closely correlated with sedentary work as defined in the Dictionary of Occupational Titles, which "may involve walking or standing *for*

2

*brief periods of time.* Jobs are sedentary *if walking and standing are required only occasionally . . . .*" DOT App. C (emphasis added).

Aetna's characterization of Rude's job as sedentary is also inconsistent with statements from Rude's supervisor, who stated that Rude's job involved as much as two hours of walking and one hour of standing per day, and from Rude himself, who stated that his job required three hours of standing and one hour of walking per day.

Accordingly, we vacate the district court's judgment and remand for an award of benefits. *See Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011) (holding that ERISA administrator's decision will not be upheld if it is illogical, implausible, or without support in inferences that could reasonably be drawn from facts in the record). The benefits to be awarded shall be those for the six months of long term disability remaining in Rude's "own occupation" period. Rude is not entitled to benefits for the subsequent "any occupation" period because, as the analysis above illustrates, he retains the ability to do some work. We need not, and do not, reach any other issues raised on appeal.

**VACATED and REMANDED.**